CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAY 15 2006
JOHN F. CORCORAN, CLERK
BY: 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| THOMAS CLAYTON BALDWIN,<br>Petitioner, | Civil Action No. 7:06CV00109 |
| v. | **MEMORANDUM OPINION** |
| DANIEL A. BRAXTON, WARDEN,<br>Respondent. | By: Hon. Jackson L. Kiser<br>United States District Judge |

Thomas Clayton Baldwin, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The petitioner challenges the validity of his convictions in the Circuit Court for the County of Tazewell. The petition is presently before the court on the respondent's motion to dismiss. For the reasons set forth below, the court will grant the respondent's motion.

## BACKGROUND

Pursuant to two plea agreements, entered on February 5, 2001, the petitioner pled guilty to discharging a firearm in an occupied dwelling and possessing cocaine with the intent to distribute. As part of the agreements, the Commonwealth requested and obtained an order of nolle prosequi on other charges. The petitioner was subsequently sentenced to a four-year term of imprisonment, with two years suspended, for the firearm conviction. The petitioner received a thirty-year sentence, with fifteen years suspended, for the narcotics conviction.

The petitioner appealed his convictions to the Court of Appeals of Virginia. The convictions were affirmed, by published opinion, on July 6, 2004. See Baldwin v. Commonwealth, 43 Va. App. 415, 598 S.E.2d 754 (Va. Ct. App. 2004). The petitioner then filed a petition for appeal in the Supreme Court of Virginia. On October 24, 2004, the petition for appeal was refused.

The petitioner subsequently filed a petition for writ of habeas corpus in the Circuit Court for the County of Tazewell. On June 16, 2005, the petition was dismissed. The petitioner appealed the dismissal of the petition to the Supreme Court of Virginia. On January 9, 2006, the petition for appeal was refused.

The petitioner executed the instant petition on February 15, 2006. The petition includes the following claims:

I. The petitioner's defense attorneys were ineffective for failing to file a brief in support of a motion to suppress the petitioner's confession.

II. The petitioner's defense attorneys were ineffective for failing to file a motion to suppress the bags of cocaine, since they were found on land that the police did not have consent to search.

III. The trial court erred by holding an in-chambers hearing out of the petitioner's presence.

IV. The trial court violated the petitioner's due process rights by refusing to hear his post-sentencing motions in a timely manner, and by denying him an opportunity to preserve the record for appeal.

V. The trial court abused its discretion by failing to suspend additional portions of the petitioner's sentences.

On April 5, 2006, the respondent moved to dismiss the petition. Since the petitioner has now filed a response to the motion, the petition is ripe for review.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254(b), a petitioner challenging a state court conviction must first exhaust remedies available in the courts of the state in which he was convicted before

2

seeking federal habeas review. See Preiser v. Rodriguez, 411 U.S. 475 (1973). When a claim has been adjudicated on the merits by a state court, this court may grant habeas relief only if the state court's adjudication of the claims "was contrary to, or involved an unreasonable application of, clearly established [f]ederal law," or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). The United States Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (internal citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

## DISCUSSION

A. Claim I

In claim I, the petitioner alleges that his defense attorneys were ineffective for failing to file a brief in support of a motion to suppress the petitioner's confession. Although the petitioner's attorneys advised the trial court that they would file a brief during a suppression hearing held on October 26, 2000, no brief was ever filed. A criminal defendant's right to effective assistance of counsel is protected by the Sixth Amendment to the United States Constitution. In Strickland v. Washington, 466 U.S. 668, 669 (1984), the United States Supreme Court set forth a two-prong test for evaluating ineffective assistance claims. The defendant must show that his counsel's performance fell "below an objective standard of reasonableness," and that the "deficient performance" must have "prejudiced the defense." Id. at 687-688. The prejudice prong "generally requires the defendant to demonstrate by a reasonable probability that,

3

but for counsel's error, the result of the proceeding would have been different." Frazer v. South Carolina, 430 F.3d 696, 703 (4th Cir. 2005). In the context of a guilty plea, the defendant must show "that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

The petitioner raised this claim in his state habeas petition. The state habeas court concluded that the petitioner failed to meet either prong of the Strickland test. The court determined that the petitioner's defense attorneys did not act unreasonably in failing to file a brief to support the motion to suppress, because the petitioner subsequently entered into plea agreements with the Commonwealth, by which he agreed to plead guilty to certain charges. Thus, the state habeas court concluded that the brief was no longer necessary. The state habeas court also concluded that the petitioner failed to demonstrate prejudice. The court noted that the petitioner failed to articulate any authority to show that the brief, if filed, would have resulted in the suppression of evidence. Likewise, the petitioner failed to allege that, but for his attorneys' error, he would not have pled guilty and would have insisted on going to trial. Having reviewed the record, I agree with the respondent that the state habeas court's decision did not involve an unreasonable application of clearly established federal law or an unreasonable determination of the facts. Accordingly, the petitioner's first claim must be dismissed.

B.  Claim II

In claim II, the petitioner alleges that his defense attorneys were ineffective for failing to move to suppress the bags of cocaine, since the bags were found on land that the police did not have consent to search. The record reveals that police officers went to the home of the petitioner's girlfriend, who permitted them to search her property. The bags of cocaine were

4

ultimately found on an adjoining piece of property, which did not belong to the petitioner's girlfriend. (April 30, 2001 Tr. at 5). Since the owner of the adjoining property did not consent to the search, the petitioner alleges that his defense attorneys should have moved to suppress the bags of cocaine.

The petitioner raised this claim in his state habeas petition. The state habeas court concluded that the petitioner failed to meet either prong of the Strickland test. The court determined that a motion to suppress would have been futile, since the petitioner did not have standing to challenge the search and seizure. See Bell v. Commonwealth, 264 Va. 172, 190, 563 S.E.2d 695, 708 (2002) (holding that a defendant did not have standing to challenge the search of a vehicle, where he did not own the vehicle or otherwise have a legitimate expectation of privacy in it). The court also noted that the petitioner failed to allege that, but for his attorneys' error, he would not have pled guilty and would have insisted on going to trial.

Having reviewed the record, I agree with the respondent that the state habeas court's decision did not involve an unreasonable application of clearly established federal law or an unreasonable determination of the facts. It is well established that a criminal defendant does not have standing to challenge the search of a third party's property unless he can show that he had a reasonable expectation of privacy in the area searched. See Rakas v. Illinois, 439 U.S. 128, 133-34 (1978); United States v. Al-Talib, 55 F.3d 923, 930-931 (4th Cir. 1995). Because there is no indication that the petitioner had a reasonable expectation of privacy in the area in which the bags of cocaine were found, the petitioner's attorneys did not act unreasonably in failing to file a motion to suppress the bags. Moreover, the petitioner has failed to show that his attorneys' performance prejudiced his defense. Accordingly, claim II must be dismissed.

5

Case 7:06-cv-00109-JLK-mfu   Document 20   Filed 05/15/06   Page 5 of 9   Pageid#: 216

C. <u>Claim III</u>

In his third claim, the petitioner alleges that the trial court erred by holding an in-chambers conference on a motion for reconsideration of the petitioner's sentences on May 30, 2001, without the petitioner being present. The record reveals that during the in-chambers conference, the trial court denied the defense attorneys' request for a formal hearing on the motion, as well as the motion for reconsideration. On May 31, 2001, the petitioner filed additional objections to his sentences. The trial court subsequently entered an order staying and suspending the imposition of both sentences, pending a hearing on the petitioner's objections. On July 12, 2001, the trial court held a hearing on the petitioner's objections. It is undisputed that the petitioner was present at that hearing. Following the hearing, the trial court entered an order denying the petitioner's objections.

The petitioner challenged the legality of the in-chambers conference on direct appeal. The petitioner argued that the trial court erred by considering the motion for reconsideration in his absence, and by failing to make a record in open court. The Court of Appeals of Virginia held that the issue was rendered moot by the hearing held on July 12, 2001, since the subsequent hearing, at which the petitioner was present, encompassed all of the petitioner's objections to his sentences:

> We need not decide in this case whether Baldwin had either a constitutional or statutory right to be present on May 30, 2001, when the trial judge discussed his motions and objections in chambers with the attorneys, because we conclude that the July 12, 2001 hearing rendered the issue moot.
>
> ...
>
> Simply put, the record is abundantly clear that the July 12, 2001 hearing encompassed all of the issues contained in Baldwin's motions, which challenged the trial judge's verbal rendition of the sentences and the written orders imposing the sentences.

6

> Moreover, Baldwin was present at this hearing and given the opportunity to present evidence and to otherwise pursue his objection regarding the sentencing decision. As a result of the hearing on July 12, 2001, Baldwin has suffered no harm, no loss of rights, and no impediment flowing from the judge's chambers conference with the attorneys. Indeed, this evidentiary hearing effectively cured any impediments and violations that Baldwin contends he suffered as a result of the chambers conference.

Baldwin, 43 Va. App. 415, 420-424, 598 S.E.2d 754, 757-759. Having reviewed the record, I agree with the respondent that the state court's decision did not involve an unreasonable application of clearly established federal law or an unreasonable determination of the facts. See County of Los Angeles v. Davis, 440 U.S. 625, 631 (U.S. 1979) (explaining when a claim is rendered moot). Accordingly, the petitioner's third claim must be dismissed.

D. Claim IV

In his fourth claim, the petitioner argues that the trial court violated the his due process rights by refusing to hear his post-sentencing motions in a timely manner, and by denying him an opportunity to preserve the record for appeal. The petitioner raised the same claim on direct appeal. The Court of Appeals of Virginia concluded that the claim was without merit. The Court of Appeals noted that the petitioner filed timely notices of appeal from both sentencing orders. Although the petitioner also filed additional objections on May 31, 2001, which were not heard until July 12, 2001, "none of his objections ... sought to establish that he was not guilty or to obtain the complete elimination of his sentences." Baldwin, 43 Va. App. 415, 425, 598 S.E.2d 754, 759. Instead, the petitioner sought to have the trial court consider alternative sentences. The Court of Appeals noted that since the trial court entered an order staying and suspending the imposition of the petitioner's sentences, after his objections were filed, the trial court had the authority to grant all of the relief that the petitioner sought, had the court found that such relief

7

was warranted. Baldwin, 43 Va. App. 415, 426, 598 S.E.2d 754, 759 (citing Virginia Code § 19.2-303). Thus, the Court of Appeals concluded that the petitioner's due process claim lacked merit, since "he had the opportunity to present evidence in support of his post-sentencing motion and he had an adequate opportunity to preserve these issues for appeal." Baldwin, 43 Va. App. 415, 426, 598 S.E.2d 754, 759 (citing Virginia Code § 19.2-303). Because the petitioner has failed to show that this conclusion involved an unreasonable application of clearly established federal law or an unreasonable determination of the facts, the petitioner's fourth claim must be dismissed.

E.  Claim V

In his fifth claim, the petitioner contends that the trial court abused its discretion by failing to suspend additional portions of the petitioner's sentences following the hearing held on July 12, 2001. The petitioner presented this claim on direct appeal. The Court of Appeals of Virginia concluded that the claim was without merit, because the sentences imposed by the trial court were adequately supported by the record. Having reviewed the record, I agree with the respondent that the Court of Appeals' decision did not involve an unreasonable application of clearly established federal law or an unreasonable determination of the facts. Moreover, since there is no indication that the petitioner's sentences exceeded the maximum range prescribed by state law, no federal constitutional issue is presented. See White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992); Queen v. Leeke, 457 F. Supp. 476, 479 (D.S.C. 1978). Accordingly, the petitioner's fifth claim must be dismissed.

## CONCLUSION

For the reasons stated, the court will grant the respondent's motion to dismiss. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and all counsel of record.

ENTER: This 15th day of May, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge